UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                      Case No. 14-20686

v.

                                      Hon. John Corbett O'Meara

LIVERTIS RILEY, IV,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the court is Defendant Livertis Riley, IV's motion to suppress. Defendant is charged with felon in possession of a firearm and has moved to suppress his statement and evidence flowing from his statement. The court heard oral argument on September 10, 2015, and denied Riley's motion, for the reasons stated below.

## BACKGROUND FACTS

On October 14, 2014, officers from the Detroit Violent Crime Task Force conducted surveillance on a home on Sussex Street in Detroit. They were looking for Riley, who was wanted an outstanding warrant for armed robbery in West Virginia. The officers saw two men enter the house, one of whom they believed to be Riley; the other was Michael Allen Murray.

After obtaining search and arrest warrants, the officers knocked on the door of the Sussex Street house. They received no response and forced their way in. (A pit bull charged at the officers, and they shot the dog.) The officers searched the house and came to a locked door, behind which Riley and Murray had barricaded themselves. The officers told the men they had a warrant and tried to persuade them to open the door.

One of the men asked questions about the warrant, why the officers shot the dog, why they were in the house, and who they were looking for. Agent Krupa asked the man if there were any narcotics or weapons in the house. A second man, who identified himself as "Livertis," replied that there were no narcotics but "maybe a gun." After some negotiations, Agent Krupa told them that no one had to get hurt and to put down the gun. Noises came from the locked room consistent with a gun falling to the floor and heavy furniture being moved. Riley and Murray then exited the room.

According to the government, inside the room officers found "a veritable arsenal" – two handguns, two loaded assault rifles, a machine gun, and hundreds of rounds of ammunition. Defendant has been charged with two counts of felon in possession of a firearm and one count of illegal possession of over 300 rounds of ammunition.

## LAW AND ANALYSIS

Defendant contends that his statement that there was "maybe a gun" in the house should be suppressed because the officers did not read him his Miranda rights. Miranda safeguards apply if the suspect is (1) subject to interrogation; (2) while in custody. United States v. Crowder, 62 F.3d 782, 785-86 (6th Cir. 1995). In this case, Defendant was neither in custody nor was he subject to interrogation. See United States v. Mesa, 638 F.2d 582, 584-89 (3d Cir. 1980) (armed suspect barricaded in hotel room surrounded by FBI agents not in custody because FBI could not control his actions); United States v. Kelly, 2008 WL 5382272 at *7 (D. Minn. Dec. 23, 2008) (suspect barricaded in home not in custody and police attempts to engage defendant in conversation were not intended to elicit an incriminating response); Manzella v. Senkowski, 2004 WL 1498195 at *24-25 (W.D.N.Y. July 2, 2004) (same).

In addition, the public safety exception to Miranda applies. See New York v. Quarles, 467 U.S. 649, 657-58 (1984). This exception applies "when officers have reasonable belief based on articulable facts that they are in danger." United States v. Talley, 275 F.3d 560, 563 (6th Cir. 2001). A police officer has reasonable belief that he is in danger if (1) the defendant has or might have a weapon and (2) someone other than the police might obtain the weapon and inflict harm with it.

United States v. Williams, 483 F.3d 425, 428 (6th Cir. 2007).  If this test is satisfied, statements of a defendant are admissible even in the absence of a Miranda warning.

Here, the officers had a reasonable belief that they were in danger.  They could infer that Riley had a weapon, given that they were there to arrest him for armed robbery.  Riley did not answer the door, but barricaded himself in a locked room.  Courts have held that the public safety exception applies in these circumstances.  See Kelly, 2008 WL 5382272 at *7 n.4 (armed standoff); Manzella, 2004 WL 1498195 at *25-26 (same).

Because there is no material issue of fact and the issues presented are legal, the court will deny Defendant's request for an evidentiary hearing.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to suppress is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  September 15, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 15, 2015, using the ECF system.

s/William Barkholz<br>Case Manager