United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,                   Case No. 14-20686

      v.                       Honorable John C. O'Meara

Levertis Riley, IV,

      Defendant.

_____/

FILED

JAN 1 4 2016

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## JURY INSTRUCTIONS

# INTRODUCTION

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crimes that LEVERTIS RILEY is accused of committing.

(4)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)     Please listen very carefully to everything I say.

## JURORS' DUTIES

(1)     You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved LEVERTIS RILEY guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I saw. What I say about the law controls.

3

(4)     Perform these duties fairly. Do not let any bias, sympathy or prejudice

        that you may feel toward one side or the other influence your decision

        in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1)   As you know, LEVERTIS RILEY has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells LEVERTIS RILEY what crimes he is accused of committing. It does not even raise any suspicion of guilt.

(2)   Instead, LEVERTIS RILEY starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)   This means that LEVERTIS RILEY has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find LEVERTIS RILEY not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)   The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does

5

not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)    Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved LEVERTIS RILEY guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED

(1)   You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)   The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

(3)   Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)   During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.

These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)   Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)     Now, some of you may have heard the terms "direct evidence" and
"circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an
eyewitness which, if you believe it, directly proves a fact. If a witness
testified that he saw it raining outside, and you believed him, that
would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that
indirectly proves a fact. If someone walked into the courtroom
wearing a raincoat covered with drops of water and carrying a wet
umbrella, that would be circumstantial evidence from which you could
conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and
circumstantial evidence. The law makes no distinction between the
weight that you should give to either one, or say that one is any
better evidence than the other. You should consider all the evidence,
both direct and circumstantial, and give it whatever weight you
believe it deserves.

## CREDIBILITY OF WITNESSES

(1)     Another part of your job as jurors is to decide how credible or
believable each witness was. This is your job, not mine. It is up to you
to decide if a witness's testimony was believable, and how much
weight you think it deserves. You are free to believe everything that a
witness said, or only part of it, or none of it at all. But you should act
reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each
witness's testimony.

    (A)     Ask yourself if the witness was able to clearly see or hear the
events. Sometimes even an honest witness may not have been
able to see or hear what was happening, and may make a
mistake.

    (B)     Ask yourself how good the witness's memory seemed to be.
Did the witness seem able to accurately remember what
happened?

    (C)     Ask yourself if there was anything else that may have interfered
with the witness's ability to perceive or remember the events.

11

(D)   Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)   Ask yourself if the witness had any relationship to the government or to LEVERTIS RILEY, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)   Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)   And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony

12

supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

(1)    One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)    Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## LAWYERS' OBJECTIONS

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

15

# INTRODUCTION

(1)   That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that LEVERTIS RILEY is accused of committing.

(2)   But before I do that, I want to emphasize that LEVERTIS RILEY is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(3)   Also keep in mind that whether anyone else should be prosecuted and convicted for this crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved LEVERTIS RILEY guilty. Do not let the possible guilt of others influence your decision in any way.

## SEPARATE CONSIDERATION – SINGLE DEFENDANT
## CHARGED WITH MULTIPLE CRIMES

(1)   LEVERTIS RILEY has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that LEVERTIS RILEY is guilty of that particular charge.

(2)   Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

17

## ON OR ABOUT

(1)    Next, I want to say a word about the date mentioned in the indictment.

(2)    The indictment charges that the crime happened "on or about" October 15, 2014. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

## INFERRING REQUIRED MENTAL STATE

(1)     Next, I want to explain something about proving a defendant's state
        of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be
        proved directly, because no one can read another person's mind and
        tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the
        surrounding circumstances. This includes things like what a
        defendant said, what a defendant did, how a defendant acted, and
        any other facts or circumstances in evidence that show what was in a
        defendant's mind.

(4)     You may also consider the natural and probable results of any acts
        that a defendant knowingly did or did not do, and whether it is
        reasonable to conclude that a defendant intended those results. This,
        of course, is all for you to decide.

### FIREARMS – Possession of Firearms or Ammunition by Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year

(1)     Count 1 of the indictment charges LEVERTIS RILEY with illegally possessing a firearm after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year. Likewise, Count 2 of the indictment charges LEVERTIS RILEY with illegally possessing ammunition after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year.

For you to find LEVERTIS RILEY of these crimes, you must that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First:  That LEVERTIS RILEY has been convicted of a crime punishable by imprisonment for more than one year. The government and LEVERTIS RILEY have agreed that he has previously been convicted of a crime punishable by imprisonment for more than one year.

20

(B)    Second:    That LEVERTIS RILEY, following his conviction, knowingly possessed a firearm specified in the indictment and the ammunition specified in the indictment.

(C)    Third:    That the specified firearms and ammunition crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm and ammunition was manufactured in a state other than Michigan.

(2)    Now I will give you more detailed instructions on some of these elements.

(A)    [instructions for actual and constructive possession and joint possession follow]

(B)(1) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(B)(2) The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

(C)    The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

21

(3)     If you are convinced that the government has proved all of these

elements, say so by returning a guilty verdict on this charge. If you

have a reasonable doubt about any one of these elements, then you

must find LEVERTIS RILEY not guilty of these charges.

## ACTUAL AND CONSTRUCTIVE POSSESSION

(1)   Next, I want to explain something about possession. The government does not necessarily have to prove that LEVERTIS RILEY physically possessed the firearms or ammunition for you to find him guilty of these crimes. The law recognizes two kinds of possession — actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(2)   To establish actual possession, the government must prove that LEVERTIS RILEY had direct, physical control over the firearms and ammunition, and knew that he control of them.

(3)   To establish constructive possession, the government must prove that LEVERTIS RILEY had the right to exercise physical control over the firearms and ammunition, and knew that he had this right, and that he intended to exercise physical control over the firearms and ammunition at some time, either directly or through other persons.

(4)   For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5)     But understand that just being present where something is located does not equal possession. The government must prove that LEVERTIS RILEY had actual or constructive possession of the firearms and ammunition, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

## JOINT POSSESSION

(1)   One more thing about possession. The government does not have to

prove that LEVERTIS RILEY was the only one who had possession

of the firearms or ammunition. Two or more people can together

share actual and constructive possession over property. And if they

do, both are considered to have possession as far as the law is

concerned.

(2)   But remember that just being present with others who had

possession is not enough to convict. The government must prove that

LEVERTIS RILEY had either actual or constructive possession of the

firearms and ammunition, and knew that he did, for you to find him

guilty of these crimes. This, again, is all for you to decide.

## INTRODUCTION

That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position]. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## DEFENDANT'S ELECTION NOT TO TESTIFY OR
## PRESENT EVIDENCE

(1)    A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)    Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## OPINION TESTIMONY

(1)    You have heard testimony from William Foreman, Robert Charlton, and Michael Yauk, who testified as opinion witnesses.

(2)    You do not have to accept their opinions.  In deciding how much weight to give it, you should consider the witness's qualifications and how he/she reached his/her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)    Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT
## BY PRIOR CONVICTION

(1)  You have heard the testimony of Michael Murray, Marcus Samuel and Deidra Lucas.  You have also heard that before this trial that they have been convicted of a crime or crimes.

(2)  These earlier convictions were brought to your attention only as one way of helping you decide how believable his or her testimony was.  Do not use this for any other purpose.  It is not evidence of anything else.

29

## TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY

(1)   You have heard the testimony of Michael Murray who was charged as a co-defendant in this case. You have also heard that the government has promised that it will make a recommendation to the court for a reduced sentence in exchange for his cooperation.

(2)   It is permissible for the government to make such promises. But you should consider his testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3)   Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## TESTIMONY OF AN ACCOMPLICE

(1)   You have heard the testimony of Michael Murray. You have also heard that he was involved in the same crime that the defendant is charged with committing. You should consider his testimony with more caution than the testimony of other witnesses.

(2)   Do not convict LEVERTIS RILEY based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

(3)   The fact that Michael Murray has pleaded guilty to the crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

## INTRODUCTION

(1)  That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)  One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or

whatever your vote happens to be. That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, INVESTIGATION AND
## OUTSIDE COMMUNICATIONS

(1)     Remember that you must make your decision based only on the

evidence that you saw and heard here in court.

(2)     During your deliberations, you must not communicate with or provide

any information to anyone by any means about this case. You may

not use any electronic device or media, such as a telephone, cell

phone, smart phone, iPhone, Blackberry, or computer, the Internet,

any Internet service, or any text or instant messaging service, any

Internet chat room, blog, or website such as Facebook, MySpace,

LinkedIn, YouTube or Twitter, to communicate to anyone any

information about this case or to conduct any research about this

case until I accept your verdict. In other words, you cannot talk to

anyone on the phone, correspond with anyone, or electronically

communicate with anyone about this case. You can only discuss the

case in the jury room with your fellow jurors during deliberations. I

expect you will inform me as soon as you become aware of another

juror's violation of these instructions.

34

(3)   You may not use these electronic means to investigate or
      communicate about the case because it is important that you decide
      this case based solely on the evidence presented in this courtroom.
      Information on the Internet or available through social media might be
      wrong, incomplete, or inaccurate. You are only permitted to discuss
      the case with your fellow jurors during deliberations because they
      have seen and heard the same evidence you have. In our judicial
      system, it is important that you are not influenced by anything or
      anyone outside of this courtroom. Otherwise, your decision may be
      based on information known only by you and not your fellow jurors or
      the parties in the case. This would unfairly and adversely impact the
      judicial process. A juror who violates these restrictions jeopardizes
      the fairness of these proceedings, and a mistrial could result, which
      would require the entire trial process to start over.

## UNANIMOUS VERDICT

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find LEVERTIS RILEY guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to each count.

(3)     To find LEVERTIS RILEY not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt as to each count.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.

## UNANIMITY NOT REQUIRED – MEANS

(1)     One more point about the requirement that your verdict must be

unanimous. Count 1 of the indictment accuses LEVERTIS RILEY of

committing the crime of possessing a firearm by a person previously

convicted of a crime punishable by imprisonment exceeding one year

in more than one possible way. The count lists six different firearms;

each firearm is a different means, or way, of committing the crime.

(2)     The government does not have to prove LEVERTIS RILEY

possessed all of these six firearms for you to return a guilty verdict on

this charge. Proof beyond a reasonable doubt of any one of the

firearms is enough. In order to return a guilty verdict, all twelve of you

must agree that at least one of these has been proved; in other

words, you must agree that LEVERTIS RILEY possessed at least

one of the six firearms listed in the indictment; however, all of you

need not agree on which specific firearm he possessed.

37

## DUTY TO DELIBERATE

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)   Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

(1)     If you decide that the government has proved LEVERTIS RILEY

guilty, then it will be my job to decide what the appropriate

punishment should be.

(2)     Deciding what the punishment should be is my job, not yours. It

would violate your oaths as jurors to even consider the possible

punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has

proved the defendant guilty beyond a reasonable doubt.

40

## VERDICT FORM

(1)   I have prepared a verdict form that you should use to record your

verdict. I will read the form at the end of these instructions.

(2)   If you decide that the government has proved the charge against

LEVERTIS RILEY beyond a reasonable doubt, say so by having your

foreperson mark the appropriate place on the form. If you decide that

the government has not proved the charge against him beyond a

reasonable doubt, say so by having your foreperson mark the

appropriate place on the form. Your foreperson should then sign the

form, put the date on it, and return it to me.

41

## VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT

(1)   Remember that LEVERTIS RILEY is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(2)   Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is not defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

42

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You deicide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

43

## JUROR NOTES

(1)   Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2)   Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Plaintiff,                          Case No. 14-20686

v.                               Honorable John C. O'Meara

Levertis Riley, IV,

Defendant.

_____/

## **VERDICT FORM**

### COUNT ONE
### (18 U.S.C. § 922(g)(1) - Illegal Possession of a Firearm)

We, the jury, unanimously find the defendant, Levertis Riley, IV, on

the charge of possession of a firearm by a person previously convicted of a

crime punishable by a term of imprisonment exceeding one year:

Not Guilty   _____

Guilty        _____

## COUNT TWO
(18 U.S.C. § 922(g)(1) Illegal Possession of Ammunition)

We, the jury, unanimously find the defendant, Levertis Riley, IV, on

the charge of possession of ammunition by a person previously convicted

of a crime punishable by a term of imprisonment exceeding one year:

Not Guilty _____

Guilty _____

_____

Foreperson

Date: _____

2