UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-20686

v.

Hon. John Corbett O'Meara

LIVERTIS RILEY, IV.,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR JUDGMENT OF ACQUITTAL

    Before the court is Defendant's motion for acquittal, filed January 28, 2016. The government filed a response on February 2, 2016. The court did not hear oral argument.

    On January 14, 2016, Defendant Livertis Riley, IV, was convicted of being a felon in possession of a firearm and ammunition. Defendant contends that the verdict should be set aside because there was insufficient evidence to support it, or because it was against the great weight of the evidence.

    A court may enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In analyzing a motion for acquittal,

> this court does not "weigh the evidence or ... determine the credibility of the witnesses." Rather, the burden of this court is to evaluate whether, viewed in a light most

> favorable to the government, there is sufficient evidence for any rational trier of fact to have found the essential elements of a crime beyond a reasonable doubt. This court "will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and . . . this rule applies whether the evidence is direct or wholly circumstantial."

United States v. Turner, 995 F.2d 1357, 1362 (6th Cir. 1993) (citations omitted).

Viewing the evidence in the light most favorable to the government, there was sufficient evidence for the jury to have found Defendant guilty beyond a reasonable doubt on both counts. Defendant does not dispute that he has a felony record and is not eligible to possess firearms. Defendant argues, however, that the firearms and ammunition at issue in this case did not belong to him.

Michael Murray testified that Defendant kept guns in his bedroom. See TR at 19-20 (Docket No. 85). Murray further testified that Defendant armed himself with a gun when FBI agents came to arrest him. Id. at 24-32. Although Defendant argues that Michael Murray is not credible, it was within the province of the jury to accept Murray's testimony. See United States v. Wettstain, 618 F.3d 577, 583, 585 (6th Cir. 2010) ("Thus, [a cooperating witness'] credibility, or lack thereof, is not a proper issue for our consideration, and his uncorroborated testimony alone can support [defendants'] convictions.").

The evidence presented at trial was sufficient to support the verdict. Further,

the court finds that the verdict was not against the manifest weight of the evidence. See Fed. R. Civ. P. 33; United States v. Hughes, 505 F.3d 578, 592 (6th Cir. 2007) (a motion under Rule 33 is to be granted only "in the extraordinary circumstance where the evidence preponderates heavily against the verdict.").

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for judgment of acquittal is DENIED.

                                              s/John Corbett O'Meara  
                                              United States District Judge

Date: March 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 14, 2016, using the ECF system.

                                              s/William Barkholz  
                                              Case Manager