UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 14-20686

    Hon. John Corbett O'Meara

LEVERTIS RILEY, IV,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Before the court is Defendant Levertis Riley IV's motion for a new trial, filed June 24, 2016. The government filed a response on July 11, 2016. For the reasons explained below, Defendant's motion is denied.

## BACKGROUND FACTS

After a jury trial in January 2016, Defendant was convicted of being a felon in possession of firearms and ammunition. In October 2014, FBI agents sought to arrest Riley on an outstanding warrant. They found Riley and co-defendant Michael Murray at a house in Detroit, barricaded in a bedroom. After a standoff, Riley and Murray surrendered. Agents searched the bedroom and found six firearms and over 300 rounds of ammunition.

On June 23, 2016, the court sentenced Defendant to 90 months in prison.

The judgment was entered on the same day.  On July 1, 2016, Defendant filed a notice of appeal.

Defendant seeks a new trial based upon newly discovered evidence under Federal Rule of Criminal Procedure 33 or because of a Brady violation.  At the sentencing hearing on May 11, 2016, Defendant objected to a two-level enhancement under USSG § 2K2.1(b)(4) because he contended that the government failed to show that certain of the guns at issue were stolen.  As a result of this and other contested issues, sentencing was adjourned until June 23, 2016.

In the meantime, a forfeiture notice was sent to the last known owner of each firearm.  A West Virginia resident with the last name Shockley notified the U.S. Attorney's office that the Glock 22 .40 caliber gun recovered from Riley had been stolen from her.  According to ATF records, Shockley bought the gun on May 25, 2012.  At an interview with the FBI, Shockley explained that she stored the gun under the front seat of her car.  She realized the gun had been stolen about a year ago but did not file a police report because she could not recall the serial number.  A report of Shockley's interview with the FBI was drafted and produced to Defendant.

Defendant contends that this information was withheld by the government and that it is relevant to the credibility of co-defendant Murray, who testified that

he saw Shockley's stolen gun in July or August 2012, just two months after she purchased it. Defendant seeks a new trial based upon this alleged Brady violation.

## LAW AND ANALYSIS

As a general rule, "a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." Dunham v. United States, 486 F.3d 931, 935 (6th Cir. 2007) (citation omitted). See also Fed. R. Crim. P. 33(b)(1) ("If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."). Pursuant to Federal Rule of Criminal Procedure 37, the court has three options for resolving Defendant's motion:

> (a) Relief Pending Appeal. If a timely motion is made
> for relief that the court lacks authority to grant because of
> an appeal that has been docketed and is pending, the
> court may:
>     (1) defer considering the motion;
>     (2) deny the motion; or
>     (3) state either that it would grant the motion
>     if the court of appeals remands for that
>     purpose or that the motion raises a
>     substantial issue.

Fed. R. Crim. P. 37. See also United States v. Bravata, 305 F.R.D. 97 (E.D. Mich. 2015) ("In the criminal context, the Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for newly discovered evidence motions under Criminal Rule 33(b)(1).").

Defendant has not demonstrated that he is entitled to relief on the basis of either a Brady violation or newly discovered evidence. Brady requires disclosure of evidence by the prosecution when it is both favorable to the accused and "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Brady violations have three elements: "[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] the evidence must have been suppressed by the State, either willfully or inadvertently, and [3] prejudice must have ensued." United States v. Hanna, 661 F.3d 271, 296 (6th Cir. 2011) (citation omitted).

Here, the government did not suppress the Shockley interview – it is undisputed that this information was not available until after trial. Brady "clearly does not impose an affirmative duty upon the government to take action to discover information which it does not possess." United States v. Graham, 484 F.3d 413, 417 (6th Cir. 2007) (citation omitted). Accordingly, there is no Brady violation.

As for Defendant's newly discovered evidence claim, he "must show that the new evidence (1) was discovered after the trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal." United States v. Hanna,

661 F.3d 271, 297 (6th Cir. 2011).  Defendant has not demonstrated that the Shockley interview is material and would likely produce an acquittal.  Although Defendant contends that the interview has impeachment value, it is not inconsistent with Murray's testimony at trial.  Shockley bought the gun in May 2012; Murray testified that he saw Riley's brother return from West Virginia with the stolen gun in July or August 2012.  Further, the timing of Shockley's gun purchase in 2012 does not bear on whether Riley possessed it in October 2014.  The information provided by Shockley does not undermine the elements of Defendant's offense or raise a legal defense.

For these reasons, Riley has not demonstrated that he is entitled to a new trial under <u>Brady</u> or a newly discovered evidence theory.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for a new trial is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  August 15, 2016

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 15, 2016, using the ECF system and/or ordinary mail.

                        s/William Barkholz
                        Case Manager